UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARMICHAEL, | No. 2:14-cv-2491 JAM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| U.S. DISTRICT COURT, et al., | |
| Defendants. | |

      Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

      Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1    Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3    490 U.S. at 327.
4         In order to avoid dismissal for failure to state a claim a complaint must contain more than
5    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8    statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
9    upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
10   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
12   at 1949. When considering whether a complaint states a claim upon which relief can be granted,
13   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
14   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
15   U.S. 232, 236 (1974).
16        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
17   unable to determine whether the current action is frivolous or fails to state a claim for relief. The
18   court has determined that the complaint does not contain a short and plain statement as required
19   by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a
20   complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
21   v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at
22   least some degree of particularity overt acts which defendants engaged in that support plaintiff's
23   claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2),
24   the complaint must be dismissed. The court will, however, grant leave to file an amended
25   complaint.
26        It appears that plaintiff is trying to reopen a prior case, Carmichael v. Sacramento Housing
27   Redevelopment Agency, 2:12-cv-0307 KJM CKD PS, so that she can file a second amended
28   complaint in that action. The prior case was closed on July 12, 2012 after the action was

dismissed without prejudice. Plaintiff fails to demonstrate good cause for reopening the prior matter.

In the instant action, plaintiff names as a defendant the United States District Court. There are no allegations against this defendant. With respect to defendant Sacramento Housing Redevelopment Agency ("SHRA"), it appears plaintiff is complaining about actions that were taken in 2006-2007. It appears plaintiff's claims are time barred. The court will grant leave to amend. However, any amended complaint must demonstrate why the action is not barred by the applicable statute of limitations.

If plaintiff chooses to amend the complaint, plaintiff must also set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the

/////

amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  October 29, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 carmichael0307.ifp-lta